IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

SYLVESTER MATERIAL, INC., et al.,

                Plaintiff,         Case No. 3:05 CV 7361

-vs-

                                    O R D E R

JOHN CARLO, INC., et al.,

                Defendant.

KATZ, J.

This matter is before the Court on the Defendants' motions to dismiss for lack of personal jurisdiction (Doc. No. 6) and to dismiss or transfer under 28 U.S.C. § 1406(a) for improper venue, or, in the alternative, to transfer venue under 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses (Doc. No. 7). Plaintiff has replied. (Doc. No. 12). Under the "law of the case" doctrine, this Court defers to Judge David D. Dowd's determinations, in a previous stage of this case, that personal jurisdiction and venue are proper and that convenience does not require transfer of venue. Defendants' motions are, therefore, denied.

"Under the law-of-the-case doctrine, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation. The doctrine also bars challenges to a decision made at a previous stage of the litigation which could have been challenged in a prior appeal, but were not." *Rouse v. DaimlerChrysler Corp. UAW Non-Contributory Plan*, 300 F.3d 711, 715 (6th Cir. 2002) (considering the doctrine where a case had been dismissed by one judge

and re-filed in front of a different judge, and refusing to apply it only because the previous judge had not in fact ruled on the issue before the second judge) (internal citation omitted).

The Plaintiffs in this case sued the Defendants herein and one other in this Court on the same claims in 2004. *Sylvester Material, Inc. v. John Carlo, Inc.*, No. 3:04 CV 7686 (N.D. Ohio filed Nov. 1, 2004). The clerk initially assigned the case to the undersigned, but it was then transferred to Judge David D. Dowd of this Court's Eastern Division. Eventually, Judge Dowd dismissed the case because the presence of Liberty Mutual Insurance Company as a Defendant destroyed diversity jurisdiction. *Sylvester Material, Inc. v. John Carlo, Inc.*, No. 3:04 CV 7686, 2005 U.S. Dist. LEXIS 19012, at *4 (N.D. Ohio Sept. 2, 2005). Prior to that, however, Judge Dowd ruled that the court had personal jurisdiction over the Defendants, that venue was proper, and that considerations of convenience did not counsel in favor of transferring the case to the Eastern District of Michigan. *Sylvester Material, Inc. v. John Carlo, Inc.*, No. 3:04 CV 7686, 2005 U.S. Dist. LEXIS 9424, at *12 (N.D. Ohio May 17, 2005).

After Judge Dowd's dismissal, Plaintiffs refiled the case, omitting their claims against Liberty Mutual. The clerk assigned the case to Chief Judge Carr, who transferred it back to the undersigned pursuant to Local Rule 3.1(b). Defendants again moved to dismiss for lack of personal jurisdiction, to dismiss or transfer for improper venue, or, in the alternative, to transfer venue to the Eastern District of Michigan for the convenience of the parties and witnesses. The grounds asserted in Defendants' motions are materially identical to those considered and ruled

upon by Judge Dowd.[1] Therefore, Judge Dowd's denial of the motions is "law of the case," and this Court again denies them.

      IT IS SO ORDERED.

                                             S/ *David A. Katz*
                                            DAVID A. KATZ
                                            SENIOR U. S. DISTRICT JUDGE

---

[1] The only difference between the previously filed motions and those now before the Court is Defendants' addition of allegations that Plaintiffs are attempting to charge them for transportation of materials that Plaintiffs did not transport, and that were in fact transported by the Edward C. Levy Co. of Michigan. However, this change is not material to the issues Judge Dowd decided. He found specific personal jurisdiction existed based on Defendants' initiation of contact with Plaintiff Sylvester Materials via a fax sent to its Sylvania, Ohio, headquarters. *Sylvester Materials*, 2005 U.S. Dist. LEXIS 9424, at *6-8. Defendants' claim that venue was improper was based on a forum selection clause in a purchase order and the alleged lack of personal jurisdiction. *Id*. at 9-10. Judge Dowd rejected both grounds. *Id*. Defendants' argument that the Eastern District of Michigan was a more convenient forum was based on the presence of parties and witnesses in Michigan and the forum selection clause. *Id*. at 10-11. Judge Dowd rejected those arguments, finding the forum selection clause did not control venue and there were parties and witnesses in both Ohio and Michigan. *Id*. at 11-12. Defendants' addition of the allegations concerning the Edward C. Levy Co. might indicate there are a few more potential Michigan witnesses. However, this fact does not affect Judge Dowd's determination that are Ohio witnesses as well, and that convenience of the witnesses therefore does not favor resolving the matter in either state. *See id*.